Opinion for the court filed by Circuit Judge MOORE. Opinion eoncurring-in-part and dissenting-in-part filed by Circuit Judge DYK.
MOORE, Circuit Judge.
GuideTech, LLC (GuideTech) appeals from the district court’s grant of summary judgment that Brilliant Instruments, Inc. (Brilliant) did not infringe three related GuideTech patents: U.S. Patent Nos. 6,226,231 ('231 patent), 6,091,671 ('671 patent), and 6,181,649 ('649 patent). See Brilliant Instruments, Inc. v. GuideTech, Inc., No. C. 09-5517 CW, 2011 WL 3515904 (N.D.Cal. Aug. 11, 2011) (Summary Judgment Order). Because the court erred in granting summary judgment, we reverse and remand.
BACKGROUND
This appeal arises from a declaratory judgment action that Brilliant filed after the inventor of the patents-in-suit left Gui-deTech to found Brilliant. GuideTech’s patents generally relate to circuits that measure the timing errors of digital signals in high-speed microprocessors. These circuits, which are referred to as time interval analyzers, detect timing errors by analyzing a digital circuit’s clock signal and output signals.
The patents share a common specification and claim different aspects of the time interval measuring circuit. The '231 patent claims the circuit at a high level, reciting that the circuit comprises a “signal channel,” a “plurality of measurement circuits defined within said signal channel,” and a “processor circuit.” Claim 1 is representative of the claims at issue:
A time interval analyzer for measuring time intervals between signal events, said analyzer comprising:
a signal channel that receives an input signal;
a plurality of measurement circuits defined within said signal channel in parallel with each other, ...; and
a processor circuit in communication with said signal channel....
'231 patent claim 1 (emphasis added). The issue on appeal with regard to the '231 patent is whether Brilliant’s time interval analyzers have “a plurality of measurement circuits defined within said signal *1344 channel.” For purposes of this appeal, the parties agree that Brilliant’s accused BI200 and BI220 products operate identically. Both products employ a “One-Channel-Two-Edge” mode in which they operate using “a single channel” and use two measurement circuits. J.A. 776.
The '671 and '649 patent claims are directed to internal circuitry of a measurement circuit. Claim 1 of the '671 patent is representative:
A time interval analyzer for measuring time intervals between events in an input signal, said analyzer comprising:
... a first current circuit having a constant current source or a constant current sink ...;
a second current circuit ...;
a capacitor; [and] a shunt,

wherein said shunt and said capacitor are operatively disposed in parallel with respect to said first current circuit,

wherein said shunt is disposed between said first current circuit and said second current circuit....
'671 patent claim 1 (emphasis added). The issue on appeal regarding the '671 and '649 patents is whether the measurement circuits in the BI200 and BI220 contain a capacitor “operatively disposed in parallel” with respect to a first current circuit. In its infringement allegations, GuideTeeh identified a capacitor that is part of the alleged “first current circuit.”
The district court construed the disputed claim terms and entered summary judgment of noninfringement in favor of Brilliant for all three patents. GuideTeeh appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).
DISCUSSION
I. STANDARD OF REVIEW
We review summary judgment decisions under regional circuit law. Lexion Med., LLC v. Northgate Techs., Inc., 641 F.3d 1352, 1358 (Fed.Cir.2011). The Ninth Circuit reviews the grant of summary judgment de novo. Greater Yellowstone Coalition v. Lewis, 628 F.3d 1143, 1148 (9th Cir.2010). Summary judgment is appropriate if “the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(a). At the summary judgment stage, we credit all of the nonmovant’s evidence and draw all justifiable inferences in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
Infringement, either literal or under the doctrine of equivalents, is a question of fact. Crown Packaging Tech., Inc. v. Rexam Beverage Can Co., 559 F.3d 1308, 1312 (Fed.Cir.2009). “Thus, on appeal from a grant of summary judgment of noninfringement, we must determine whether, after resolving reasonable factual inferences in favor of the patentee, the district court correctly concluded that no reasonable jury could find infringement.” Id. (quoting IMS Tech., Inc. v. Haas Automation, Inc., 206 F.3d 1422, 1429 (Fed.Cir. 2000)).
II. Infringement of the '231 Patent
GuideTeeh challenges the district court’s grant of summary judgment of nonin-fringement of the '231 patent. At summary judgment, the court construed the “defined within said signal channel” limitation as “contained within a signal channel.” Summary Judgment Order, 2011 WL 3515904, at *3-4. It further defined a “signal channel” as “an electrical circuit that includes a signal path for transmitting electrical signals.” Id. at *3. Neither party challenges these constructions.
The district court concluded that Guide-Tech failed to present sufficient evidence that the BI200 and BI220 have multiple *1345 measurement circuits contained within a signal channel. Id. at *8-9. The court held that, although the accused products require the use of two measurement circuits, “it does not follow that both circuits are contained in- a single channel.” Id. at *8. The court concluded that the testimony of GuideTech’s expert, Dr. West, failed to show that the measurement circuits were “contained” in the same channel. Idl
GuideTech argues that the district court erred in concluding that there was no genuine issue of material fact.. GuideTech points to Dr. West’s expert report, arguing that it shows that the BI200 and BI220 employ two circuits contained within a single channel when operating in the One-Channel-Two-Edge mode. GuideTech also argues that Brilliant’s datasheets show that the accused products operate on a single channel and use two measurement circuits.
Brilliant argues that the district court properly granted summary judgment. Brilliant argues that it cannot infringe because the district court, as a matter of claim construction, rejected GuideTech’s argument that “defined within” allowed a measurement circuit to be present in more than one channel. Brilliant argues that the BI200 and BI220 do not infringe because each signal channel- contains only one measurement circuit and simply borrows a second measurement circuit during One-Channel-Two-Edge mode.
We agree with GuideTech- that the district court erred when it granted summary judgment. A genuine issue of material fact exists as to whether the BI200 and BI220, when operating in One-Channel-Two-Edge mode, have two measurement circuits contained within a signal channel, ie., an electrical circuit that includes a signal path for transmitting electrical signals. Dr. West explained how the BI200 and BI220 meet the asserted claims when operating in One-Channel-Two-Edge mode. J.A. 968-69, 1005-06, 1062. Brilliant’s schematics also show that, during operation in One-Channel-Two-Edge mode, the only active signal path flows from the input to two measurement cir--cuits:
[[Image here]]
J.A. 1263 (color modified). In the above schematic, a user sets the circuit to One-Channel-Two Edge Mode with Channel A as the input. The signal path during operation in this mode is highlighted in the above schematic. Once received, the signal first flows throügh a comparator. The signal then flows into two multiplexers. The outputs of the multiplexers are then *1346 input into two measurement circuits (the timetag circuits).
This schematic and Dr. West’s testimony, viewed in GuideTeeh’s favor, shows that the only signal channel operative during One-Channel-Two-Edge mode contains two measurement circuits. This evidence raises a genuine issue of material fact as to whether Brilliant’s products literally infringe the '231 patent claims. Accordingly, the district court erred when it granted Brilliant’s motion for summary judgment, and we reverse and remand for further proceedings.
III. INFRINGEMENT OF THE '671 and '649 Patents
GuideTech also challenges the district court’s grant of summary judgment that Brilliant’s accused products do not infringe the '671 and '649 patents. The district court construed the term “operatively disposed in parallel” to mean “arranged in a manner capable of forming alternative paths of current such that current can flow across one or the other path.” Summary Judgment Order, 2011 WL 3515904, at *5-6. The parties do not challenge that construction on appeal.
The district court concluded that Brilliant was entitled to summary judgment because Dr. West conceded that the capacitor in Brilliant’s products is “part of the first current circuit.” Id. at *9. The court concluded that Dr. West’s testimony indicated “that the capacitor is not on an alternative path on which current flows from the first current circuit.” Id. Because it was undisputed that the capacitor in the accused products was part of the first current circuit and not arranged in parallel with the first current circuit, the court concluded that the accused products do not infringe the '671 and '649 patents, either literally or under the doctrine of equivalents. Id. at *9-10.
GuideTech argues that nothing in the claims precludes the capacitor from being part of the first current circuit and, at the same time, operatively disposed in parallel with the shunt. It points to Dr. West’s expert report, arguing that he opined that the measurement capacitor and the shunt are arranged to form alternate current paths during operation. Finally, Guide-Tech argues that Dr. West explained how the operation of the accused products was equivalent to operatively disposing the shunt and capacitor in parallel with respect to the first current circuit.
Brilliant responds that its products cannot literally infringe because it was undisputed that the accused capacitor is part of the first current circuit, not disposed in parallel with respect to it. Brilliant argues that GuideTech’s infringement theory under the doctrine of equivalents fails because it would vitiate the requirement that the claimed “first current circuit” and the “capacitor” are separate elements.
We agree with Brilliant that the district court properly granted summary judgment that Brilliant’s accused products do not literally infringe. The claims recite “said shunt and said capacitor are opera-tively disposed in parallel with respect to said first current circuit.” It is undisputed that in Brilliant’s accused product the capacitor is part of the first current circuit. Because, according to the undisputed facts, GuideTech cannot establish literal infringement, summary judgment of no literal infringement was appropriately granted.
We agree with GuideTech, however, that the district court erred when it granted summary judgment that Brilliant does not infringe under the doctrine of equivalents. To find infringement under the doctrine of equivalents, any differences between the claimed invention and the accused product must be insubstantial. Graver Tank & Mfg. Co. v. Linde Air *1347 Prods. Co., 339 U.S. 605, 608, 70 S.Ct. 854, 94 L.Ed. 1097 (1950). One way of proving infringement under the doctrine of equivalents is to show, for each claim limitation, that the accused product “performs substantially the same function in substantially the same way with substantially the same result as each claim limitation of the patented product.” Crown Packaging Tech., Inc. v. Rexam Beverage Can Co., 559 F.3d 1308, 1312 (Fed.Cir.2009). This is a question of fact. Id.; Anchor Wall Sys., Inc. v. Rockwood Retaining Walls, Inc., 340 F.8d 1298, 1818 (Fed.Cir.2003).
In this case, GuideTech submitted an expert report by Dr. West that detailed its doctrine of equivalents theory under the function-way-result test. J.A. 1027. Brilliant does not contest Dr. West’s recitations of the function, way, and result of the asserted claims or the accused products. Nor does Brilliant provide any contrary evidence. Instead, it argues that Guide-Tech’s doctrine of equivalents infringement theory vitiates the requirement that the claimed “first current circuit” and the “capacitor” are separate claim elements.
Brilliant’s vitiation argument fails. As we recently explained in Deere & Co. v. Bush Hog, LLC, 703 F.3d 1349 (Fed.Cir. 2012):
“Vitiation” is not an exception to the doctrine of equivalents, but instead a legal determination that “the evidence is such that no reasonable jury could determine two elements to be equivalent.” The proper inquiry for the court is to apply the doctrine of equivalents, asking whether an asserted equivalent represents an “insubstantial difference” from the claimed element, or “whether the substitute element matches the function, way, and result of the claimed element.” If no reasonable jury could find equivalence, then the court must grant summary judgment of no infringement under the doctrine of equivalents.
Id. at 1356 (citations omitted). The vitiation concept has its clearest application “where the accused device contain[s] the antithesis of the claimed structure.” Planet Bingo, LLC v. GameTech Int’l, Inc. 472 F.3d 1338, 1345 (Fed.Cir.2006). This makes sense; two elements likely are not insubstantially different when they are polar opposites. As we explained in Deere, “[cjourts should be cautious not to shortcut this inquiry by identifying a ‘binary’ choice in which an element 'is either present or ‘not present.’ Stated otherwise, the vitiation test cannot be satisfied by simply noting that an element is missing from the claimed structure or process because the doctrine of equivalents, by definition, recognizes that an element is missing that must be supplied by the equivalent substitute.” Deere, 703 F.3d at 1356-57. The vitiation test cannot be satisfied merely by noting that the equivalent substitute is outside the claimed limitation’s literal scope. Rather, vitiation applies when one of skill in the art would understand that the literal and substitute limitations are not interchangeable, not insubstantially different, and when they do not perform substantially the same function in substantially the same way, to accomplish substantially the same result. In short, saying that a claim element would be vitiated is akin to saying that there is no equivalent to the claim element in the accused device based on the well-established “function-way-result” or “insubstantial differences” tests.
To succeed on a doctrine of equivalents theory, the patentee must demonstrate equivalence under one of these two tests. This will be more difficult when the accused structure has an element that is the opposite of the claimed element, especially where the specification or prosecution history highlights the differences. If the claimed and accused elements are recognized by those of skill in the art to be *1348 opposing ways of doing something, they are likely not insubstantially different. The concept of vitiation is an acknowledgement that each element in the claim must be present in the accused device either literally or equivalently. And we have applied this concept to cases where we have recognized that two alternatives exist that are very different from each other and therefore cannot be equivalents for infringement purposes. See, e.g., Planet Bingo, 472 F.3d at 1345 (concluding that determining a winning combination after a game starts was not equivalent to determining a winning combination before the game starts); Moore U.S.A., Inc. v. Std. Register Co., 229 F.3d 1091, 1106 (Fed.Cir. 2000) (“[I]t would defy logic to conclude that a minority — the very antithesis of a majority — could be insubstantially different from a claim limitation requiring a majority, and no reasonable juror could find otherwise.”).
Applying these concepts to the facts of this case, we conclude that summary judgment must be reversed. The element at issue is: “wherein said shunt and said capacitor are operatively disposed in parallel with respect to said first current circuit.” Dr. West, GuideTech’s expert, agreed that in the accused device, the measurement capacitor is a component of the first current circuit. While this disposes of literal infringement, the doctrine of equivalents inquiry is: did GuideTech create a genuine issue of material fact regarding whether Brilliant’s capacitor, located within the first current circuit, performs substantially the same function in substantially the same way to achieve substantially the same result as the claimed capacitor, which is operatively disposed in parallel to the shunt? Everyone agrees that the capacitor in the accused device is not located in exactly the same place as the claimed capacitor, but is the change in location an insubstantial difference? We conclude that, viewing all factual inferences in favor of GuideTech, it has created a genuine issue of material fact which precludes summary judgment. Dr. West explained:
The electrical disposition of the shunt and the capacitor with respect to the first current circuit of the BI200 and BI220 is equivalent to the electrical disposition of the shunt and the capacitor with respect to the first current circuit of this claim limitation because it performs substantially the same function (allowing the shunt to control the path of current flow to or from the first current circuit) in substantially the same way (wherein an electrical path from the first current circuit can be traced to either the capacitor or the shunt) to achieve substantially the same result (providing an electrical relationship wherein, e.g., the shunt can direct current to flow from the first current circuit to the second current circuit or from the first current circuit to the capacitor).
J.A. 1027. This detailed application of the function-way-result test to the claim element and the allegedly equivalent feature of the accused product is sufficient to create a genuine issue of material fact for the jury to resolve. The main difference between the accused circuit and the claimed circuit is that the capacitor in the accused circuit aids in delivering power and is thus part of the first current circuit. There is, however, no evidence suggesting that this added advantage of the accused design alters Dr. West’s function-way-result analysis. On this record, GuideTech has created a genuine issue of material fact which precludes summary judgment of nonin-fringement under the doctrine of equivalents.
CoNclusion
We have considered the parties’ remaining arguments and conclude that they are *1349 without merit. For the foregoing reasons, the judgment of the district court is
REVERSED AND REMANDED.